NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., *a Delaware corporation*,<br><br>Plaintiff,<br><br>v.<br><br>VIPOO HOSPITALITY, INC., *a Texas corporation* and VINOD SHAH, *an individual*,<br><br>Defendants. | Civil Action No: 16-5585 (SDW) (LDW)<br><br>**OPINION**<br><br>March 21, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendants Vipoo Hospitality, Inc. ("Vipoo Hospitality") and Vinod Shah's ("Shah") Motion to Dismiss Plaintiff Travelodge Hotels, Inc.'s ("Travelodge") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **DENIED**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

In August 2008, Travelodge and Vipoo Hospitality entered into a Franchise Agreement for the operation of a guest lodging facility.[1] (Compl. ¶ 8.) On the same date, Shah, a principal of Vipoo Hospitality, provided Travelodge with a Guaranty providing that he would immediately pay all outstanding fees in the event Vipoo Hospitality defaulted on any of its obligations to Travelodge under the Franchise Agreement. (*Id*. at ¶¶ 3, 17-8, Ex. C.)

Vipoo Hospitality filed a voluntary Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas in May 2013. (*Id*. at ¶ 20.) The following year, the Court authorized the sale of the guest lodging facility and the termination of the Franchise Agreement, after which time the guest lodging facility was sold to a third party. (*Id*. at ¶ 21.) By way of a letter dated June 25, 2014, Travelodge acknowledged the termination of the Franchise Agreement and advised Vipoo Hospitality of the outstanding fees owed to Travelodge. (*Id*. at ¶ 23, Ex. D.) Vipoo Hospitality's bankruptcy action was dismissed shortly thereafter. (*Id*. at ¶ 24.)

Travelodge commenced the instant action in September 2016, seeking to recover outstanding franchise fees and liquidated damages. Defendants have moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

II.  **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic

---

[1] Travelodge is a Delaware corporation with its principal place of business in New Jersey. (Compl. ¶ 1.) Vipoo Hospitality is a Texas corporation, and Shah is a Texas citizen. (*Id*. at ¶¶ 2-3.)

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

When a defendant challenges a court's exercise of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992); *see also Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). These facts must demonstrate that the defendant purposefully availed itself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987)).

The plaintiff must also show the defendant reasonably should anticipate being brought into court in the subject forum. *See Toys "R" Us, Inc.*, 318 F.3d at 451; *see also World–Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In evaluating whether personal jurisdiction exists, a court "looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff." *MaxLite, Inc. v. ATG Electronics, Inc.*, 193 F. Supp. 3d 371, 382 (D.N.J. 2016).

### III. DISCUSSION

#### a. *Alternative Dispute Resolution*

Defendants seek to dismiss this action because Plaintiff did not pursue the alternative dispute resolution methods outlined in the parties' Franchise Agreement, which Plaintiff contends was required prior to filing a lawsuit. (Defs.' Br. at 7.) The Franchise Agreement states, in relevant part, that "either party *may* attempt to resolve [disputes] through non-binding mediation…If the parties cannot resolve the dispute through negotiation or mediation, *or choose not to negotiate or mediate, either party may pursue litigation*." (Compl., Ex. A at 21 (emphasis added).) This permissive language unambiguously demonstrates that the parties were not required to negotiate or mediate prior to filing this lawsuit.

#### b. *Personal Jurisdiction*

Defendants further argue that personal jurisdiction does not exist over Shah, a Texas citizen, because the Guaranty he signed did not incorporate the personal jurisdiction waiver contained in the Franchise Agreement. (Defs.' Br. at 8.) This argument has no merit. The Guaranty states, in relevant part, that "Section 17 of the [Franchise] Agreement, including Remedies, Venue, and Dispute Resolution and WAIVER OF JURY TRIAL applies to this Guaranty." (Compl., Ex. C.) Section 17 of the Franchise Agreement includes a provision that states the following:

> You consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States

District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you.

(Compl., Ex. A at 22.)  The language of the Guaranty Shah signed unambiguously incorporates all provisions of Section 17, including this waiver.  This Court therefore has personal jurisdiction over Shah.

### IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**.  An appropriate order follows.

    /s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
            Parties